**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DENNIS HUGHES,

    Plaintiff,

        v.

KEVIN MISKELL, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-1443

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

<u>**MEMORANDUM**</u>

    Presently before the Court are the Report and Recommendation of Magistrate Judge Blewitt (Doc. 25) to the Corrections Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19), the Report and Recommendation of Magistrate Judge Blewitt (Doc. 26) to the Prison Health Services Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17), Plaintiff's First Motion to Compel Answer to Plaintiff's Second Amended Complaint (Doc. 28), and Corrections Defendants' Motion to Strike Plaintiff's Second Amended Complaint (Doc. 29.) Because Magistrate Judge Blewitt did not commit clear error in making his recommendations on the Corrections Defendants' Motion to Dismiss or the Prison Health Services Defendants' Motion to Dismiss, the Court will adopt the Magistrate Judge's recommendations (Doc. 25; Doc. 26) in their entirety. Moreover, because Plaintiff prematurely filed his Second Amended Complaint prior to the Court ruling on the Magistrate Judge's recommendations, the Motion to Strike Plaintiff's Second Amended Complaint (Doc. 29) will be granted and Plaintiff's First Motion to Compel Answer to Plaintiff's Second Amended Complaint (Doc. 28) will be denied as moot.

## I. Background

### A.    Factual Background

    As set forth in Magistrate Judge Blewitt's December 2010 Report and Recommendation ("December R & R") (Doc. 25) and January 2011 Report and Recommendation ("January R & R") (Doc. 26), Plaintiff, Dennis Hughes, an inmate at the State Correctional Institution at Dallas ("SCI-Dallas"), filed the instant civil rights action

pursuant to 42 U.S.C. § 1983 (Doc. 1.)  On October 12, 2010, Plaintiff filed an Amended Complaint naming six (6) Defendants: Kevin Miskell, Psychiatry Manager; Thomas Leskowsky, Director of Health Care Services; Prison Health Services; Dr. Stanley Stanish; Richard Ellers, Chief of Clinical Services for the Pennsylvania DOC; and Dr. Stanley Bohinski, Medical Director at SCI-Dallas. (Doc. 14.)  Plaintiff's Amended Complaint sues the five individual Defendants in their personal capacity only.  Plaintiff's Amended Complaint contains three (3) counts: Count I asserts a claim against all Defendants under § 1983 alleging Defendants violated his rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution by acting indifferently to Plaintiff's medical needs; Count II asserts a second § 1983 claim against all Defendants for violation of Plaintiff's constitutional rights for refusing to provide Plaintiff with proper medical treatment; and Count III asserts a claim against all Defendants for recklessly, carelessly, negligently, and intentionally refusing Plaintiff proper medical treatment. (Doc. 14.)  The Amended Complaint also contains general allegations claiming Defendants disregarded Plaintiff's rights under the Americans with Disabilities Act. (Doc. 14.)  The case was assigned to Magistrate Judge Blewitt for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1).

### B.    The December Report and Recommendation

On December 28, 2010, Magistrate Judge Blewitt issued the December R & R (Doc. 25) recommending that the motion to dismiss filed by Kevin Miskell, Thomas Leskowsky, and Richard Ellers (collectively "Corrections Defendants") be granted in part and denied in part.  Magistrate Judge Blewitt recommends that Plaintiff's Fifth, Ninth, and Fourteenth Amendment claims be dismissed as to Corrections Defendants. (Doc. 25.)  The Magistrate Judge also recommends that Plaintiff's Title II ADA claim be dismissed with prejudice as to Corrections Defendants in their individual capacity.  However, the Magistrate Judge recommends Plaintiff be given leave to file an amended complaint to sue Corrections Defendants in both their individual and official capacities and to properly assert a *prima facie* ADA claim against Corrections Defendants. (Doc. 25.)  Lastly, Magistrate Judge Blewitt recommends that Corrections Defendants' motion to dismiss be denied as to

Plaintiff's Eighth Amendment denial of proper medical care claims. (Doc. 25.)

### C.   The January Report and Recommendation

On January 10, 2011, Magistrate Judge Blewitt issued the January R & R (Doc. 26) recommending the motion to dismiss filed by Defendants Prison Health Services, Dr. Stanley Stanish, and Dr. Stanley Bohinski (collectively "PHS  Defendants") be granted. (Doc. 26.)  The Magistrate Judge recommends dismissing Plaintiff's Eighth Amendment claims against PHS Defendants because Plaintiff failed to sufficiently allege PHS Defendants were involved with Plaintiff's medical treatment. (Doc. 26.)  Magistrate Judge Blewitt recommends dismissing the Fifth Amendment claims because PHS Defendants are state actors- not federal government employees- and therefore no Fifth Amendment cause of action exists against PHS Defendants. (Doc. 26.)   The Magistrate Judge also recommends dismissing the Ninth Amendment claims because the Ninth Amendment does not provide individuals with any constitutional rights for purposes of a § 1983 civil rights action (Doc. 26.) Moreover, the Magistrate Judge recommends dismissing the Fourteenth Amendment claims against PHS Defendant because prisoners do not have a liberty interest in being single-celled and in receiving Z-code status. (Doc. 26.)  Finally, Magistrate Judge Blewitt recommends Plaintiff's ADA claim be dismissed as to PHS Defendants. (Doc. 26.) Unlike the recommendation as to Corrections Defendants, however, Magistrate Judge Blewitt does not recommend allowing Plaintiff to file a second amended complaint against PHS Defendants because PHS Defendants were not personally involved in the decision to deny Plaintiff's request for Z-code status. (Doc. 24.)

### D.   Plaintiff's Second Amended Complaint

Neither Plaintiff, nor any Defendants, filed objections to the December R & R or the January R & R.  Instead, on February 3, 2011, Plaintiff, without Defendants' consent or leave of court, filed a Second Amended Complaint.  (Doc. 27.)  The Second Amended Complaint differs in three material respects from the First Amended Complaint. (Doc. 27.) First, the Corrections Defendants are sued in both their individual and official capacities. (Doc. 27.)  Second, the PHS Defendants have been dropped from the action.  (Doc. 27.)

Lastly, the Second Amended Complaint contains a new claim, Count IV, against Corrections Defendants for violations of the Americans with Disabilities Act. (Doc. 27.) Essentially, Plaintiff's Second Amended Complaint treats the Magistrate Judge's recommendations as having been adopted by the Court.[1]   Based on the content of the Second Amended Complaint and Plaintiff's subsequent filings, the Court will proceed as though no objections have been filed to the Magistrate Judge's recommendations.

## II. Discussion

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D.Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990

---

[1]   Because Plaintiff filed a Second Amended Complaint without Defendants' consent or leave of court, Corrections Defendants never answered the Second Amended Complaint, which resulted in Plaintiff filing a Motion to Compel Answer to Plaintiff's Second Amended Complaint. (Doc. 28.)  Corrections Defendants subsequently filed a Motion to Strike the Second Amended Complaint. (Doc. 29.)  Plaintiff's position, as set forth in his reply brief to Defendants' motion to strike, is that because no exceptions were filed to the R & Rs, the recommendations were "adopted by the court, although there was no order filed by this court." (Doc. 31.)

4

F.Supp. 375, 376–77 (M.D.Pa.1998).

Here, neither party filed formal objections to the Magistrate Judge's recommendations and Plaintiff's subsequent filings indicate that Plaintiff does not object to Magistrate Judge Blewitt's recommendations. Thus, the Court reviews the recommendations for clear error. And, as the Court finds the Magistrate Judge's recommendations are not clearly erroneous, the Court will adopt both the December R & R and the January R & R in their entirety. Plaintiff will be granted leave to amend his complaint to properly state an ADA claim against the Corrections Defendants. The case will be recommitted to Magistrate Judge Blewitt for further proceedings against Corrections Defendants.

Because the court will adopt the Magistrate Judge's recommendations and allow Plaintiff to file an amended complaint to properly state an ADA claim, Plaintiff's amended pleading filed on February 3, 2011 (Doc. 27) must be stricken as prematurely filed. The filing of an Amended Complaint is governed by Fed.R.Civ.P. 15(a), which provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

Plaintiff failed to comply with Rule 15 when he filed the Second Amended Complaint on February 3, 2011. At that time, Plaintiff had not been granted leave of court to file an amended pleading and the Court had not issued an order on the Magistrate Judge's recommendations. As such, Corrections Defendants' Motion to Strike Plaintiff's Second Amended Complaint (Doc. 29) will be granted and Plaintiff's First Motion to Compel Answer to Plaintiff's Second Amended Complaint (Doc. 28) will be denied as moot. Nevertheless,

Plaintiff will have twenty-one (21) days to amend his complaint to adequately state a *prima facie* ADA claim against Corrections Defendants in their individual and official capacities.[2]

### III. Conclusion

For the reasons stated above, Magistrate Judge Blewitt's December 28, 2010 (Doc. 25) and January 10, 2011 (Doc. 26) Report and Recommendations will be adopted in their entirety. The matter will be recommitted to Magistrate Judge Blewitt for further proceedings on Plaintiff's claims against Corrections Defendants.

An appropriate order follows.

March 16, 2012                                    /s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge

---

[2]     The Court will not comment on whether the prematurely filed pleading (Doc. 27) sufficiently states a *prima facie* ADA claim because the issue is not before the Court.