## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS HUGHES,                    :
                                              CIVIL ACTION NO. 3:10-1443
    **Plaintiff**                  :

    v.                            :
                                              (JUDGE MANNION[1])
KEVIN MISKELL, et al.,          :

    **Defendants**                 :

## M E M O R A N D U M

Pending before the court is the report of Judge Thomas M. Blewitt[2],
(Doc. No. 57), which recommends that the defendants' motion for summary
judgment, (Doc. No. 44), be granted. Based upon the court's review of the
record in this action, the report of Judge Blewitt will be adopted, and the
defendants' motion for summary judgment will be granted.

## I.    PROCEDURAL HISTORY

Judge Blewitt has provided a detailed seven-page account of the

---

[1]The instant action was originally assigned to the Honorable A. Richard
Caputo. By verbal order, on January 4, 2013, the matter was reassigned.

[2]The court notes that plaintiff's counsel misidentifies Magistrate Judge
Blewitt as "Magistrate" Blewitt in her objections to the report and
recommendation. The title "magistrate" no longer exists in the United States
Courts, having been changed from "magistrate" to "magistrate judge" in 1990.
Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650,
§321 (1990) ("After the enactment of this Act, each United States magistrate
. . . shall be known as a United States magistrate judge."). Plaintiff's counsel
is reminded to use the correct title, in the future, when referring to Judge
Blewitt.

relevant procedural background of this case, which the court has reviewed and adopts as its own. As reflected in that background, as the result of various filings by the parties and rulings by the court, the plaintiff's remaining claims are against defendants Kevin Miskell, Thomas Leskowsky, and Richard Ellers, for failure to provide him single or "Z-Code" status pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, ("ADA"), related to medical conditions from which he suffers.

## II.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa.

2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

In his report, Judge Blewitt determined that, while the plaintiff had appealed four grievances to final review, he failed to name defendants Ellers and Leskowsky in any of them resulting in a procedural default of any claims against them. In addition, Judge Blewitt found that the only exhausted grievance which referenced defendant Miskell referred only to a claim of verbal abuse. As a result, Judge Blewitt accepted the defendants' argument that they are entitled to summary judgment on the basis that the plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a) prior to bringing the instant action. In the alternative, even if the plaintiff had exhausted his administrative remedies, Judge Blewitt determined that the plaintiff failed to establish the requisite personal involvement of each of the defendants in any alleged violation of his constitutional rights and, therefore, failed to state a claim against the defendants upon which relief can be granted. As a final alternative, Judge Blewitt determined that the plaintiff failed

3

to establish any substantive violation of his Eighth Amendment rights.

In her objections to Judge Blewitt's report, plaintiff's counsel challenges only Judge Blewitt's determination that the plaintiff failed to properly exhaust his administrative remedies. Specifically, counsel argues that the plaintiff filed a grievance on March 26, 2009, in which he named both defendant Miskell and defendant Leskowsky and challenged the failure of these defendants to accommodate his request for a Z-Code status. Counsel argues that since the court determined that this grievance was fully exhausted, the court was incorrect in finding that the plaintiff had procedurally defaulted his claims with respect to defendant Leskowsky and had only exhausted a claim for verbal abuse against defendant Miskell.

Upon review, the plaintiff does reference both defendants Miskell and Leskowsky in Grievance No. 266652, which was exhausted to final review. To this extent, the plaintiff indicated in his grievance that "[t]he following PADOC and Prison Health Services personnel: Patti Ginochetti; **Tom Leskowski** (sic), Dr. Bohinski, Dr. Stanish, Dr. Kale, Mr. Lucas, Mr. Wiencowski, **Mr. Miskell**, and Dr. Jessie . . . Have persisted over many years and presently in providing inadequate mental health care by failing to [address] ongoing systematic mental health problems, improper housing accommodations, and using verbally abusive and threatening language and practicing psychological persecution . . . The deliberate indifference, preferential treatment, and abuse are an ongoing 8[th] and 14th Amendment violation of the U.S. Constitution."

(Doc. No. 52-1, p. 29) (emphasis added).

Initially, with respect to the plaintiff's ADA claim, as discussed by Judge Blewitt, the defendants' materials provide that the plaintiff never made a formal ADA request for accommodations for his alleged disability under Department policy DC-ADM 006, which he was required to do. To this extent, in order to receive such an accommodation, the plaintiff must first submit a request to the Corrections Health Care Administrator at the institution at which he is confined. The request would next be sent to the Superintendent for review. Finally, the request would have to be sent to the Central Office Inmate Disability Accommodation Committee, which would have the final say on the denial or granting of the requested accommodation.

Although the plaintiff references DC-ADM 006 in several of his grievances, indicating his awareness of the procedure to be followed in obtaining ADA accommodation, the defendants' materials provide that the plaintiff has admitted that he never made a formal request for accommodation in accordance with that policy. Therefore, the plaintiff has not properly exhausted his administrative remedies with respect to an ADA accommodation pursuant to DC-ADM 006.

Moreover, even if the court were to find the above sufficient to constitute exhaustion of the plaintiff's §1983 claims against defendants Miskell and Leskowsky, counsel has not objected to Judge Blewitt's determination that the record in this case establishes that neither of these defendants had sufficient

personal involvement in the decision to deny the plaintiff Z-Code status such that his claims against them must fail.

In reviewing this determination, to state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

In this case, the record establishes that defendant Miskell has been a Licensed Psychologist Manager at SCI-Dallas, where the plaintiff is confined, since 2002. In that position, defendant Miskell manages the psychological services program. Defendant Miskell is not responsible for the administration, operation, and supervision of psychiatric care provided inmates, nor is he authorized to assign or change housing codes, including single cell or Z-Code status. DOC staff makes the final determination with respect to addition or removal of an inmate on Z-Code status in accordance with Section 5, ("Single-Celling ("Z" Code) and Double Celling Housing) of the DOC's 11.2.1, Reception and Classification Procedures Manual.

6

Defendant Miskell met with the plaintiff on March 4, 2009, to discuss the plaintiff's request to him for single cell status. At that time, defendant Miskell was aware of and explained to the plaintiff the reasons why the DOC denied him single cell status and why he did not meet the relevant criteria. Defendant Miskell referred the plaintiff to the Psychiatry Department for assessment, treatment and psychiatric intervention. This was the extent of defendant Miskell's interaction with the plaintiff.

Based upon the defendants' materials, which the plaintiff has failed to properly controvert, the court finds that defendant Miskell is entitled to summary judgment based upon the fact that the plaintiff has failed to establish that defendant Miskell was personally involved in any alleged violation of the plaintiff's constitutional rights.

With respect to defendant Leskowsky, the defendants' materials provide that he has been a Registered Nurse Supervisor at SCI-Dallas since 1993. Defendant Leskowsky does not provide routine nursing care to inmate patients. Moreover, his position does not involve deciding which inmates should or should not receive a Z-Code or single cell status. Defendant Leskowsky is not authorized to assign or change housing codes, including single cell or Z-Code status. In addition, he is not authorized to medically order a single cell for an inmate, which requires an order from a doctor or nurse practitioner.

For a period of time, from June 2008 through October 2009, defendant

7

Leskowsky was the Acting Corrections Health Care Administrator, ("CHCA"), and in that capacity answered a number of grievances filed by the plaintiff concerning his medical care and treatment. Specifically, on March 26, 2009, the plaintiff filed Grievance No. 266650, in which he complained about the quality of his medical care. In his response to the plaintiff's grievance, defendant Leskowsky addressed, in part, the plaintiff's heart issues, as well as his mental health and orthopedic issues. Defendant Leskowsky also responded to plaintiff's Grievance No. 286422, dated August 24, 2009, in which the plaintiff complained about treatment for his bowel complaints and his request for single cell or Z-Code status. Defendant Leskowsky responded that the plaintiff did not have an approved disability accommodation; did not have preclusions from double celling from the medical department, did not have medical symptoms that warranted single cell status, and was able to work in the school without restrictions. Responding to the plaintiff's grievances was the extent of defendant Leskowsky's interaction with the plaintiff.

To the extent that the plaintiff is seeking to impose liability against defendant Leskowsky based on his role in reviewing and denying his grievances, such a claim cannot succeed as participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. See Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir.1998) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925

(3d Cir.2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, 2006 WL 2619794, *4 (E.D.Pa. Sept.11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corr., 2006 WL 2129148, *2 (M.D.Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). As such, defendant Leskowsky is also entitled to summary judgment with respect to the plaintiff's claims against him.

With respect to defendant Ellers, counsel makes no specific objection to Judge Blewitt's recommendation that summary judgment be entered in his favor. The only statement in the objections with regard to defendant Ellers is that "[t]he grievances submitted by Plaintiff and resulting denials by the institution as well as the (sic) Mr. Ellers at the Bureau of Health Care prove that Plaintiff exhausted his administrative remedies . . ." (Doc. No. 58, pp. 5-6).

For the reasons set forth above with respect to defendant Leskowsky, even if the plaintiff had exhausted his administrative remedies, any actions taken on the part of defendant Ellers in reviewing the plaintiff's grievance(s) does not establish sufficient personal involvement on his part so as to hold

him liable pursuant to §1983. Defendant Ellers is, therefore, also entitled to summary judgment.

## IV.   CONCLUSION

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  September 30, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2010 MEMORANDA\10-1443-01.wpd